## WRIGHT v. WRIGHT.

No. 35318.   Sept. 9, 1952.

247 P. 2d 962.

Julian B. Fite, Muskogee, for plaintiff in error.

Ernest R. Anthis, Jr., Muskogee, for defendant in error.

WELCH, J.   In this case it appears that on May 28, 1948, Mary E. Wright brought an action in the district court of Muskogee county against her husband, Archie K. Wright, for divorce.

She alleged in her petition that there were three daughters born of the marriage, namely, Helen, then ten years of age, Joan, twelve years of age, and Barbara, fourteen years of age. She sought a divorce from her husband; that she be awarded custody of the minor children and for such division of the jointly-acquired property between them as might be just and equitable.

On the 11th day of February, 1949, the court entered a decree denying plaintiff's application for divorce, but awarded her custody of the minor children and found that it was impractical to divide the property between the parties and in lieu thereof rendered judgment in favor of plaintiff and against defendant for the sum of $24,000, payable monthly at the rate of $200 per month, payments to continue until the judgment is satisfied in full. The decree further provided that the court retain continuing jurisdiction of the case to make proper orders for the custody, care and maintenance of the minor children of the parties. There is no specified provision in the decree providing for the support of the minor children. No attack is made in any manner on that judgment.

On the 9th day of March, 1951, plaintiff filed in the divorce action a supplemental petition praying that an allowance be made to her for the support of the minor children in such amount as the court may deem reasonable and just. The court after full hearing denied the application. Plaintiff appeals.

It is contended by plaintiff that defendant, being the father of the children, is primarily responsible for their care, maintenance and support, and only when he is unable to support them is the mother required to do so, and the fact that a divorce or separation has been decreed between the parties does not change this rule. This is a correct statement of the law. 10 O.S. 1951 §4; Ross v. Ross, 201 Okla. 174, 203 P. 2d 702.

Applying the above principle of law to the present proceeding the trial court had authority to make an allowance to plaintiff for the support and maintenance of the minor children. It was not, however, obligatory upon it to do so.

In 17 Am. Jur., Divorce and Separation, §698, it is said:

"It is not necessarily obligatory upon the court to make any allowance to the wife for the maintenance of a child, even though its custody was awarded to her. The matter rests in the discretion of the court granting the divorce and is to be determined from the circumstances and the situation of the parties."

See, also, Upchurch v. Upchurch, 196 Ark. 324, 117 S. W. 2d 339.

The real issue before us for consideration is as to whether the trial court abused its discretion in denying such application. The solution of this question necessitates a review and consideration of the evidence.

The facts are undisputed. They are: The ages of the minor children at the time the divorce action was filed were as stated in plaintiff's petition. The oldest child, Barbara, was 17 years of age at the time this proceeding was heard and has now passed the age of majority. At that time she was studying to become a nurse and was taking training at a hospital in Tulsa. She was being paid by the hospital while in training $32 per month, plus room and board, and was then at least partially, if not wholly, self-supporting.

Defendant has regularly paid the monthly installments as they became due. Plaintiff has applied a portion of the money received to support the minor children. She was extravagant in the spending of money and contracted unnecessary obligations which she was unable to pay. About one month after the original decree was entered a trust agreement was entered into between plaintiff and Julian B. Fite, her attorney, whereby he was appointed trustee of her estate and authorized to manage the same for her use and benefit. Plaintiff then assigned the above-named judgment to him. He thereafter collected the monthly installments and continued to use a part thereof for the support of the minor children. Plaintiff has no income other than the monthly payments awarded her under the original decree; nor has she any property in her own right except a home where

she now lives free from rent the remainder of her life, such interest having been acquired by conveyance to her from her children of a former marriage who are now the owners of the premises.

The evidence is indefinite and uncertain as to defendant's present net worth. He had the control of a considerable amount of an estate. This estate, however, was heavily encumbered by mortgages. He is now receiving as rent from the property about $600 per month, the greater portion of this rent is also pledged to secure the payment of his indebtedness.

Counsel for plaintiff in his brief asserts a fair estimate of his present net worth is about $60,000. If the estate could now be liquidated and the property sold at its asserted present value the estimate made by counsel for plaintiff of his net worth might be accurate, $24,000 of which he is required to pay to plaintiff under the original decree.

The evidence shows and it is conceded by plaintiff that defendant's income at the present time does not exceed $350 per month, $200 of which he is required each month to pay plaintiff under the decree.

This, in substance, constitutes the evidence the court had before it when it denied plaintiff's request for an allowance for the support of the minor children.

The court evidently concluded that considering defendant's present income, and his physical condition, and the condition of his estate and the amount he is now required to pay plaintiff under the original decree, he is financially unable to make further payments and that the amount he is required to pay is sufficient for the support of plaintiff and the minor children, and that she should continue as she has in the past to use a sufficient amount thereof to support the minor children.

Taking into consideration all of the facts and circumstances and the situation of the parties, we cannot say that the court abused its discretion in denying plaintiff's application, or that the order and judgment entered is clearly against the weight of the evidence.

Judgment affirmed.

HALLEY, V.C.J., and GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.