**In re the Marriage of Patricia Janet ESTBY, Petitioner, Respondent,**

**v.**

**Andrew Tillman ESTBY, Appellant.**

**No. C6–84–2022.**

Court of Appeals of Minnesota.

July 30, 1985.

Jean A. Farrand, Minneapolis, for respondent.

John E. Mack, New London, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

This appeal arises from a judgment dissolving the marriage of Patricia Janet and Andrew Tillman Estby and awarding Patricia the sole custody of the parties' minor child. Andrew appealed, raising the issues of custody and visitation. We affirm in part and remand in part.

### FACTS

Patricia and Andrew Estby were married in October 1979. Their only child, Sasha, was born in June 1980. The parties lived near Brooten, Minnesota, until January 1983, at which time they separated. Patricia now lives in Minneapolis.

In August 1983, Patricia was granted temporary care and custody of Sasha. Two custody studies were ordered; each made opposite recommendations. Although each parent raised questions about the other's fitness and home atmosphere, each parent was found fit to have custody. The Hennepin County study recommended that Patricia have custody while the Pope County study recommended that Andrew be given custody. The trial court held that Patricia was to have the sole custody of the child, without distinguishing between legal and physical custody.

The court held that Andrew would have visitation rights as follows:

(1) One weekend per month, except during the months of June, July, and August; and

(2) One week per month during the summer months.

In addition, the court granted him visitation on certain holidays and other special events. Prior to the final decree, the couple had almost equal visitation with Patricia having visitation rights for nine days and Andrew for five.

### ISSUES

1. Did the trial court err in granting Patricia the sole custody of the parties' minor child?

2. Was Andrew granted reasonable visitation rights?

### ANALYSIS

### I

■ A trial court has broad discretion in awarding child custody, and its decision will not be set aside unless it was arbitrary or a clear abuse of discretion. *Kotila v. Kotila*, 351 N.W.2d 661, 662 (Minn.Ct.App. 1984); *Peterson v. Peterson*, 308 Minn. 365, 368, 242 N.W.2d 103, 106 (1976). A grant of custody should be based on the best interests of the child. *Weatherly v. Weatherly*, 330 N.W.2d 890, 891 (Minn. 1983); Minn.Stat. § 518.17, subd. 1 (1984).

■ The evidence indicates that both parties are fit and proper persons to have custody of Sasha. The two custody studies support this conclusion. Patricia has been Sasha's primary caretaker since birth. The trial court did not abuse its discretion in awarding physical custody to Patricia.

■ Andrew, however, argues that at a minimum he should have been awarded joint legal custody. The court could have so ordered but it was not an abuse of discretion not to do so.

Where joint legal custody is contemplated or sought, the factors set forth in Minn.Stat. § 518.17, subd. 2 (1984) must be considered. "These factors deal with the ability of parents to relate cooperatively in parenting decisions and bear mostly on the award of joint legal custody * * *." *Heard v. Heard*, 353 N.W.2d 157, 161 (Minn.Ct.App.1984). Joint legal custody is defined as the equal right "to participate in major decisions determining the child's upbringing, including education, health care and religious training." Minn.Stat. § 518.-003, subd. 3(b) (1984).

■ The findings of the trial court only state that both parties are fit and proper persons to raise Sasha, not that they are qualified to raise her jointly. *See Heard*, 353 N.W.2d at 161. The evidence relevant to the ability of the parents to cooperate in the rearing of their child does not support an award of joint legal custody. Much of the testimony at trial suggested that the parties cannot cooperate and were unable to communicate. Joint legal custody should be granted only where the parents can cooperatively deal with parenting decisions. The evidence does not support a finding that Sasha's best interests will be served by a grant of joint legal custody, but rather by legal custody to one parent with liberal visitation to the other.

### II

Andrew argues the trial court erred in narrowing the period of visitation from that granted prior to the final decree. Under the visitation schedule established by the trial court, Andrew is allowed only one weekend visitation a month, together with one week in each month during the summer and visitation on some holidays. Prior to the final decree, visitation consisted of five days every two weeks.

■ If requested by the noncustodial parent, a trial court shall:

> grant such rights of visitation as will enable the child and the noncustodial parent to maintain a child to parent relationship that will be in the best interests of the child.

Minn.Stat. § 518.175, subd. 1 (1984). The end to be achieved "is to allow a child to maintain a two parent relationship." *Clark v. Clark*, 346 N.W.2d 383, 385 (Minn. Ct.App.1984), *pet. for rev. denied*, (Minn. Oct. 30, 1984).

Here, the trial court made no finding that the rather limited visitation schedule would be in the best interests of Sasha. In fact, the record may well support a more liberal visitation schedule. Both parents were found to be fit and proper persons to have custody of Sasha. A Pope County custody study recommending that Andrew be granted custody with visitation in Patricia, concluded:

> Andrew Tillman Estby [is] a very supportive, loving, caring father able to provide for Sasha's needs with an intense desire to do so.

A slightly older study out of Hennepin County made an opposite recommendation.

The record shows that Sasha loves both parents and benefits from the time spent with each. Andrew's request for additional visitation, despite the distance of approximately 100 miles from Brooten to Minneápolis, is a reasonable one. Accordingly, this matter is remanded on the issue of what is reasonable visitation, and the trial court may consider reopening the hearing for the taking of more testimony, and should consider a referral to Social Services for a report on what would constitute reasonable visitation now that the question of legal custody has been decided. Specific additional findings on the question of visitation are encouraged. We realize that a trial court need not make a specific finding on each statutory factor, but, in this case, the findings as a whole do not reflect that the trial court has taken the factors into consideration in reaching its conclusion. *See Rosenfeld v. Rosenfeld,* 311 Minn. 76, 83, 249 N.W.2d 168, 171–72 (1976).

### DECISION

The trial court did not abuse its discretion when it awarded Patricia sole legal and physical custody. The issue of visitation is remanded for additional findings as to the reasonableness of the award.

Affirmed in part, remanded in part.