**In re the Marriage of Valerie Kay ROSENFELD, Petitioner, Appellant,**

v.

**Larry Howard ROSENFELD, Respondent.**

No. C4–94–2084.

Court of Appeals of Minnesota.

April 18, 1995.

Deborah N. Dewalt, Dewalt Law Offices, Minneapolis, for petitioner, appellant.

Raphael J. Miller, Miller & Whitmore, Gaylord, for respondent.

Considered and decided by PETERSON, P.J., CRIPPEN and AMUNDSON, JJ.

## OPINION

CRIPPEN, Judge.

In its dissolution judgment, the trial court provided for joint legal and physical custody of the parties' three minor children. Appellant challenges both decisions. We affirm the legal custody determination, finding adequate findings on the issue, and we dismiss the appeal on the physical custody determination because of the absence of a justiciable controversy.

## FACTS

During their marriage, the parties had three children, now ages ten, eight, and four. When they first separated, the trial court ordered that the children were to move between the parties' homes each week. Subsequently, the parents entered into a mediation agreement which became the basis for a stipulated agreement regarding custody. The terms of this arrangement were subsequently incorporated into the final divorce decree, which provided for joint physical and legal custody. Those terms provide for the children to live with appellant during the school year. In the summer, the two older children reside with respondent. When the youngest child reaches age five, he will also assume the same schedule as the older children, but he is to live with appellant until then. During the school year, respondent picks the two older children up from school and keeps them until 5:00 P.M., when he returns them to appellant's home or to day care. The youngest child is in full-time day care. The parties alternate weekend visitation with all three children throughout the year. One night per week, all three children visit with respondent during the school year, and with appellant in the summer. At present, the youngest child visits respondent one week per month during the summer months.

Appellant maintains that the custody arrangement is not working and she should be awarded sole custody. But she fails to recommend an alternate custody and visitation schedule that might better meet the best interests of the children.

## ISSUES

1. Did the court make sufficient findings, adequately supported by the record, for its joint legal custody placement?

2. Has appellant presented a justiciable controversy on the issue of joint physical custody?

## ANALYSIS

Findings of fact made by the trial court must be sustained unless clearly erroneous. Minn.R.Civ.P. 52.01. When underlying findings are undisputed or sustainable, the trial court's "ultimate" findings must be affirmed in the absence of an abuse of the trial court's broad discretion. *Maxfield v. Maxfield,* 452 N.W.2d 219, 221 (Minn.1990). On trial court conclusions, either on ultimate issues or mixed questions of law and fact, we must carefully review trial court explanations for its decisions. *Id.* (citing Minn.Stat. § 518.17, subd. 1).

### 1. Joint Legal Custody

Joint legal custody is presumed to be in a child's best interests. Minn.Stat. § 518.17, subd. 2 (1992). It is defined as the equal right and responsibility "to participate in major decisions determining the child's upbringing, including education, health care, and religious training." Minn.Stat. § 518.003, subd. 3(b) (1992). But "joint legal custody should be granted only where the parents can cooperatively deal with parenting decisions." *Wopata v. Wopata,* 498 N.W.2d 478, 482 (Minn.App.1993) (quoting *Estby v. Estby,* 371 N.W.2d 647, 649 (Minn.App. 1985)).

Appellant asserts, relying on *Wopata,* that the trial court erred in ordering joint legal custody because the parties cannot cooperate or communicate and they each harbor hostility towards the other. But the parties in *Wopata* were "totally unable to agree * * * unable to communicate and unable to reach any agreement as * * * to the welfare of the children, indeed, probably to any item whatsoever." *Id.* As appellant acknowledges, the circumstances of this case are not as severe.

The trial court's custody findings are reasonably supported by the evidence. The court noted hostility between the parties but found that they were able "to set aside their personal feelings for the best interest of the children when required." Both parties stated that if the trial court did not award sole custody to either party, they each wanted to keep the current custody arrangement, which the custody evaluator also recommended.

The trial court found that "neither parent wishes to inflict pain on their children" and that each parent recognizes that the other parent has done a competent job of parenting. Finally, the court found that each parent had demonstrated an ability to love and nurture the children so that the divorce would have the least possible effect on them. Given these substantial findings, the trial court did not abuse its discretion in its ultimate finding that the best interests of the children will be met with a joint legal custody placement.

### 2. Joint Physical Custody

Joint physical custody is not precisely defined by statute; it includes any arrangement where "the routine daily care and control and the residence of the child is structured between the parties." Minn.Stat. § 518.003, subd. 3(d) (1992).

Joint physical custody is not a preferred custody arrangement due to the instability, turmoil, and lack of continuity inherent in such an arrangement and is not generally in a child's best interest. *Wopata,* 498 N.W.2d at 482–83; *Peterson v. Peterson,* 393 N.W.2d 503, 506 (Minn.App.1986). But this court has recognized in the past, when addressing the request to modify custody, that the designation of a placement depends on its characteristics, not its label. *See Lutzi v. Lutzi,* 485 N.W.2d 311 (Minn.App.1992).

In *Lutzi,* the trial court awarded physical custody of the minor children to the wife but the "visitation" schedule provided for the children to live alternate weeks with each parent. When the husband objected to the wife's plan to move and take the children with her, she argued that, as the sole physical custodian, that decision was solely hers, without interference from the husband. This court held that her rights were not governed by the custody label but by the actual custody arrangement, which was indistinguishable from joint physical custody. *Id.* at 318.

In this case, appellant seeks to change the label of the current physical custody arrangement from joint to sole custody although she already has custody of the children for nine months of the year. Although

appellant's contentions may signal particular desires for change, she proposes only a change of label, not an actual change in the caretaking responsibilities or the visitation schedule. She states that respondent should have "liberal access" to the children, which does not distinguish the present arrangement. Our discussion, therefore, is shaped by the absence of controversy raised by appellant.

A prerequisite to adjudication is a justiciable controversy. *State ex rel. Smith v. Haveland,* 223 Minn. 89, 92, 25 N.W.2d 474, 476–77 (1946); *Seiz v. Citizens Pure Ice Co.,* 207 Minn. 277, 281, 290 N.W. 802, 804 (1940). A justiciable controversy is shown when the issue presented for decision (a) involves definite but adverse rights of the parties; (b) involves a genuine conflict of real interests; and (c) is capable of relief by judgment or decree. *Graham v. Crow Wing County Bd. of Comm'rs,* 515 N.W.2d 81, 84 (Minn.App.1994), *pet. for rev. denied* (Minn. June 2, 1994).

Here appellant has not raised a justiciable controversy because the relief requested is solely a change in the label of the joint physical custody arrangement, the change will not affect any adverse rights or conflicting interests of the parties, and will provide no significant relief.

## DECISION

The trial court's determination that joint legal custody is in the best interest of the children is supported by the evidence, and appellant presents no justiciable controversy for this court to decide on the issue of joint physical custody.

**Affirmed in part and appeal dismissed in part.**