**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 1998-CA-01067-SCT**

*PENNY CAROL FOUST WALLER*

*v.*

*KENNETH NEAL WALLER*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/1998 |
| TRIAL JUDGE: | HON. C. MICHAEL MALSKI |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | OMAR D. CRAIG |
| ATTORNEY FOR APPELLEE: | CLAUDE MELVIN DAVIS |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| DISPOSITION: | VACATED AND REMANDED - 01/13/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/3/2000 |

## BEFORE PITTMAN, P.J., McRAE AND SMITH, JJ.

## McRAE, JUSTICE, FOR THE COURT:

¶1. When a contested divorce is dismissed for failure of proof, the parties, while still married, may nonetheless dispute custody. In this case, the chancellor denied the divorce and held that both parties had full access and custody to all three children. The wife, a week later, filed a second suit for custody. The chancellor in the second case ruled that he was bound by what the first chancellor had done but modified custody nonetheless. While not approving of the procedural route this case has taken, we vacate and remand because there has never been a hearing to decide in whose custody lie the best interests of the children.

¶2. Penny Carol Faust Waller and Kenneth Neal Waller were married August 31, 1979. They have three children: Jonathan Neal Waller born August 5, 1982; Anthony Peter Waller born March 3, 1998; and Kimberly Michelle Waller born March 19, 1993.

¶3. On October 2, 1996, Penny Waller filed a Complaint for Divorce and Motion for Temporary Relief (hereinafter "first complaint" or cause no. 96-448). She moved out of the home on October 20, 1996, taking with her the three children.

¶4. Trial was held July 21-22, 1997. Chancellor Don Grist dismissed the complaint as being without merit. The order recited that "each parent has full access and custody of all the children born to the union of this marriage and neither parent has any rights that are superior to the other parent as far as any and all matters pertaining to all the children born of this marriage."

¶5. On July 31, 1997, Penny filed a Complaint for Custody, Support and Other Relief. ("second complaint"

or cause no. 97-288). Kenneth's answer included the affirmative defense of res judicata.

¶6. Meanwhile that summer, the younger children were visiting their father pursuant to the temporary visitation schedule worked out between the parties. At the end of the two-week visitation period, Kenneth refused to return the two children to their mother. This de facto custody arrangement was later reflected in a temporary order on August, 28, 1997. In that order, Chancellor Anthony Farese ruled that the two youngest children would remain in the primary custody of their father and the eldest with their mother until further order of the court. Judge Farese signed another order dated December 12, 1997, clarifying the visitation schedule.

¶7. The case was finally heard by Special Chancellor C. Michael Malski who held that he could not undo what the first chancellor (Grist) had done. Chancellor Malski nonetheless adopted the visitation schedule put into place by Judge Farese which had the effect of undoing the first chancellor's order. The Court dismissed Penny's complaint in an order entered June 8, 1998. It is from this order that Penny has taken the instant appeal arguing that the lower court erred when it dismissed the complaint without a hearing on the merits. Specifically, she raises the following issues:

> 1. Did the Chancery Court of Lafayette County, Mississippi [commit] error in dismissing the complaint for child custody, child support and other relief by its order of the 8th day of June, 1998, without a hearing on the merits?
>
> 2. What was and is in the best interest of the children?
>
> 3. Was it in the best interest and to the welfare of the minor children that their custody be split with one minor child being in the care, custody, and control of the appellant and two minor children being in the care custody and control of the Appellee
>
> 4. Even though the Special Chancellor did not use the phrase "*res judicata*" and even though the order of December 12, 1997, specifically held that the Complaint for Child Custody, Child Support and Other Relief was not *res judicata* to cause no 96-448. Nevertheless the special chancellor dismissed the Complaint for Child Custody, Child Support and other relief without a hearing and without stated grounds for dismissal in other words holding res judicata
>
> 5. The Chancellor in cause no 96-448 should have after denying the divorce made a determination of custody.

¶8. Penny argues that while the phrase res judicata does not appear in Chancellor Malski's ruling, it would appear that res judicata was the basis for the Chancellor's dismissal of Penny's second complaint. Penny claims that Chancellor Malski's dismissal of the second complaint "left the children in the custody of those parties that had custody and did not consider issues such as: 1) what was and is in the best interest of the children; 2) the splitting of the minor [sic] into two households; 3) which of the parties could and would render the best care of all the children; and 4) do not the children need some stability in the household where they reside."

¶9. Kenneth argues that res judicata is applicable here inasmuch as "the parties are the same, the children are the same, the request by Appellant in her original Complaint for Divorce and also in her subsequent Complaint for Child Custody, Support and Other Relief were the same, i.e. child custody, support and other relief. That all issues (divorce, child custody, support and other relief) contained as set forth in the

original Divorce proceedings were heard in open court which required two days . . . ."

¶10. Res judicata, of course, is the doctrine which precludes the relitigation of issues arising prior to the rendition of a final order in a case. ***Mixon v. Bullard***, 217 So.2d 28 (Miss. 1968) (Florida decree was res judicata for all issues occurring prior to its rendition). Generally speaking, the concept of res judicata applies to custody decisions. ***Brocato v. Walker***, 220 So.2d 340 (Miss. 1969) (final order awarding permanent custody to mother was res judicata and could not be changed absent exceptional circumstances).

¶11. After a custody order has been rendered, however, circumstances may change. This Court has previously recognized that "[a]ll orders of the chancery court with reference to care and custody of children are temporary orders and may be changed when conditions develop which warrant a change." ***Thompson v. Foster***, 244 So.2d 395, 396 (Miss. 1971) (quoting ***Anderson v. Watkins***, 208 So.2d 573, 575 (Miss.1968)). *See also **Hodge v. Hodge***, 186 So.2d 748 (Miss.1966); ***Grace v. Cummings***, 253 Miss. 794, 179 So.2d 836 (1965). Any order for joint custody may be modified upon the showing of a material change of circumstances adverse to the interest of the child. Miss.Code Ann. § 93-5-24(6) (1994); ***Rutledge v. Rutledge***, 487 So.2d 218, 220 (Miss.1986).

¶12. A court which dismisses the complaint for divorce may still provide for the custody of the children if he deems it necessary. ***Rasch v. Rasch***, 250 Miss. 885, 168 So.2d 738 (1964); ***Howard v. Howard,*** 243 Miss. 614, 138 So.2d 292 (1962); ***Cox v. Cox***, 233 Miss. 747, 102 So.2d 799, 801(1958); ***Scott v. Scott***, 219 Miss. 614, 69 So.2d 489 (1954); ***Davis v. Davis***, 194 Miss. 343, 12 So.2d 435 (1943). *See also **Henry v. Henry***, 46 N.W.2d 701, 708 (N.D. 1950) ("It is our view what the better rule is that when parties come into court and submit the issue of divorce and the issue of the custody of the children, the court retains jurisdiction to adjudicate as to custody even though the divorce is denied"); E.L. Stroblin, Annot., *Power of Court Which Denied Divorce, Legal Separation or Annulment to Award Custody or Make Provisions for Support of Child,* 7 A.L.R.3d 1096 (1966). The court, however, is **not required** to make a decision regarding custody where it dismisses the petition for divorce. ***Gould v. Gould***, 205 P. 1072, 1073 (Cal. 1922); ***Wright v. Wright***, 247 P.2d 962 (Okla.1952); ***Urbach v. Urbach***, 73 P.2d 953 (Wyo. 1937).

¶13. There is no dearth of cases in this state where the chancellor has denied the divorce but nonetheless decided custody. *See, e.g.* [***Bowen v. Bowen***, 688 So.2d 1374 (Miss. 1997)](); ***Steen v. Steen***, 641 So.2d 1167 (Miss. 1994);***Faries v. Faries***, 607 So.2d 1204 (Miss. 1992)*; **Green v. Green,*** 317 So.2d 392 (Miss. 1975). Indeed, if the parents cannot agree on who should have primary custody of the children, it is probably the better course for the chancellor to make that decision for them reserving joint custody for parents who are willing to work together to make joint custody feasible. [(1)]

¶14. In this case, while the first chancellor (Grist) entered an order concerning custody (awarding full custody to both), it appears that Chancellor Grist's order was not meant to dispose of custody but simply restated the status quo. That is, what he said was merely a recitation of the law where no custody order has been entered. If it were an order of joint custody, it should have made some provision for primary physical custody whether divided by child or by time, and visitation, child support and the like.

¶15. Although Penny filed a second complaint in an attempt to resolve the custody issue, once again no hearing was had and, thus, no determination was made as to the best interest of the children in deciding custody as required by the law of this state. ***Ash v. Ash***, 622 So.2d 1266 (Miss. 1993); ***Muhammed v Muhammed***, 622 So.2d 1239 (Miss. 1993); and ***Smith v. Smith***, 614 So.2d 394 (Miss. 1993);

*Albright v. Albright*, 437 So.2d 1003 (Miss. 1983).

¶16. To the extent that Chancellor Malski considered Chancellor Grist's order res judicata, he erred. Because no court has conducted a hearing with respect to child custody, we vacate the judgment below and remand this case to the Chancery Court of Lafayette County before the present sitting chancellors, for a hearing on the child custody issue and further proceedings consistent with this opinion.

¶17.**VACATED AND REMANDED.**

## PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH AND MILLS, JJ., CONCUR. WALLER AND COBB, JJ., NOT PARTICIPATING.

1.According to Vitauts M. Gulbis, Annot., *Propriety of Awarding Joint Custody of Children,* 17 ALR4th 1013, 1016 (1982) "[i]t has been held that the cardinal criterion for an award of joint custody is the agreement of the parties and their mutual ability to cooperate in reaching shared decisions in matters affecting the child's welfare." Indeed, in many jurisdictions, joint custody may not be awarded where the parties do not consent to or desire it. *In re Marriage of Neal*, 155 Cal.Rptr 157 (Cal.Dt.Ct.App. 1979) (joint legal custody was an abuse of discretion where the parties had not agreed to it); *Imes v. Imes*, 367 N.E.2d 1075 (Ill. App. Ct. 1977) (where parents agreed that only one parent should have custody, trial court's award of joint custody reversed); *In re Marriage of Burnham*, 283 N.W.2d 269 (Iowa 1979); *In re Marriage of Handy*, 605 P.2d 738 (Or.Ct.App. 1980); *Berlin v. Berlin*, 428 A.2d 1113 (Vt. 1981).

Other courts have held that an award of joint custody is an abuse of discretion where the evidence showed that the parents could not cooperate. *R.I.H. v. J.A.B.*, 642 So.2d 482 (Ala.App. 1994); *Hunter v. Hunter*, 540 So.2d 235 (Fla. Dist.Ct.App. 1989); *Flournoy v. Flournoy*, 546 So.2d 617 (La.App. 1989); *Wonser v. Wonser*, 415 A.2d 881 (N.H. 1980); *Mastropole v. Mastropole*, 436 A.2d 955 (N.J. Super.A.D. 1981); *Braiman v. Braiman*, 378 N.E.2d 1019 (N.Y. 1978); *Bergson v. Bergson*, 414 N.Y.S.2d 593 (N.Y.App.Div. 1979); *Malone v. Malone*, 842 S.W.2d 621 (Tenn.Ct. App. 1992).

Cooperation between the parents is paramount even in jurisdictions where there is a presumption that joint custody is in the best interest of the child. *Yelverton v. Yelverton*, 621 So.2d 36 (La. App. 1993); *Rosenfeld v. Rosenfeld*, 529 N.W.2d 724 (Minn. Ct. App. 1995).