# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-01674-COA

**KAREN GRIFFIN**                                             **APPELLANT**

**v.**

**CLARK ADAMS**                                               **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/19/2018 |
| TRIAL JUDGE: | HON. MARK SHELDON DUNCAN |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOSEPH ANTHONY DENSON |
| ATTORNEY FOR APPELLEE: | STEVEN DETROY SETTLEMIRES |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 02/25/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1. Karen Griffin filed a complaint for damages against Clark Adams in the Neshoba County Circuit Court. Adams filed a motion to dismiss, asserting res judicata. Agreeing with Adams, the circuit court dismissed Griffin's complaint. Griffin appealed. After reviewing the record before us, we find res judicata is not applicable. The circuit court erred in dismissing Griffin's complaint because there was no final judgment on the merits in the preceding justice court action. For the following reasons, we reverse and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2.    An incident occurred on March 29, 2015, between Griffin and Adams.[1] On April 2, 2015, Griffin sought emergency relief and protection from domestic abuse in the Neshoba County Justice Court pursuant to Mississippi Code Annotated section 93-21-15 (1)(a) (Supp. 2014). The justice court granted Griffin's petition and entered a "Temporary Domestic Abuse Protection Order" on April 20, 2015, stemming from the allegations of simple and aggravated assault, against Adams.[2] Griffin filed the subject complaint for damages against Adams in the Neshoba County Circuit Court on September 22, 2015. Griffin sought compensation for injuries and damages she alleged were the result of the March 29, 2015 incident involving Adams, which was the subject of the Temporary Domestic Abuse Protection Order. Adams filed a motion to dismiss Griffin's complaint on May 11, 2018, alleging the circuit court action was barred under the doctrine of res judicata. The circuit court agreed with Adams and dismissed Griffin's complaint on October 19, 2018.

¶3.    In the one-page order granting Adams's motion to dismiss, the circuit court stated:

> ON THIS DAY came Defendant, Clark Adams, who files his "Motion to Dismiss," in which he makes the argument that the present matter before the Court is barred on the basis of res judicata.
>
> To be sure, the Court will address the four-part test regarding res judicata presented in *Howard v. Howard*, 968 So. 2d 961 [(Miss. Ct. App. 2007)].  (1) The identity of the subject matter in each is the same; (2) the identity of the parties to the cause of action is the same; (3) the identity of the

---

[1] Griffin alleges that on March 29, 2015, Adams caused her bodily injury by violently choking her and pushing her to the ground. Griffin claims she suffered a broken right shoulder and other injuries as a result of the subject incident.

[2] The record reflects Griffin contended, and Clark agreed, that there was not an actual order but instead a justice court abstract on file that illustrated the justice court's ruling. There is no dispute regarding the actions that occurred in the justice court.

quality or character of the person against whom the claim is made is the same and; (4) the judgment of the Justice Court was a final judgment on the merits.

Therefore, the Court finds all the requirements of res judicata are met and further finds this matter be dismissed with prejudice.

The circuit court offered no further explanation, findings of facts, or conclusions of law regarding its decision to dismiss Griffin's complaint applying the doctrine of res judicata.

## STANDARD OF REVIEW

¶4.     We review the circuit court's dismissal of the complaint de novo. *See Clark v. Neese*, 262 So. 3d 1117, 1122 (¶9) (Miss. 2019).

## DISCUSSION

¶5.     At issue in the instant case is whether the trial court erred in dismissing Griffin's complaint under the doctrine of res judicata. "Generally, four identities must be present before the doctrine of res judicata will be applicable: (1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the cause of action, and (4) identity of the quality or character of a person against whom the claim is made." *Dunaway v. Hopper*, 422 So. 2d 749, 751 (Miss. 1982). "If [the] four identities are present, . . . parties [are] prevented from re-litigating [any and] all issues tried in the [previous lawsuit]." *Id*. Matters that should have or could have been litigated and decided in the previous action are equally barred under res judicata. *Id*.

¶6.     In addition to the four identities enumerated above, res judicata only applies to final judgments on the merits. *Anderson v. LaVere*, 895 So. 2d 828, 833 (¶10) (Miss. 2004). "Even if all four elements of res judicata are satisfied, the prior judgment must be final and

3

on the merits." *Clark v. Neese*, 262 So. 3d 1117, 1125 (¶23) (Miss. 2019) (citing *Anderson*, 895 So. 2d at 832-33 (¶10)). Res judicata applies when a court of competent jurisdiction has entered a final judgment on the merits. *Harrison v. Chandler-Sampson Ins. Inc.*, 891 So. 2d 224, 232 (¶22) (Miss. 2005) (quoting *Miss. Dep't of Human Servs. v. Shelby*, 802 So. 2d 89, 95 (¶24) (Miss. 2001)). "[R]es judicata precludes claims that were actually litigated in a previous action." *Id.* "Furthermore, not all judgments are on the merits." *Clark*, 262 So. 3d at 1125 (¶23) (citing *Bowen v. Bowen*, 688 So. 2d 1374, 1384 (Miss. 1997)).

¶7.     Looking to the instant case, both Griffin's justice court petition for temporary domestic-abuse protection and her circuit court complaint against Adams for assault and battery involved the same parties and subject matter. But as outlined above, in order for res judicata to be applicable, there must have been a final judgment on the merits. *Id.* In order for the dismissal of the circuit court action to be proper, the justice court action must have resulted in a final judgment on the merits.

¶8.     Griffin sought and was granted emergency protection from domestic abuse pursuant to section 93-21-15. As written at the time of the subject incident, the statute reads as follows:

> After a hearing is held as provided in Section 93-21-11 for which notice and opportunity to be heard has been granted to the respondent, and upon a finding that the petitioner has proved the existence of abuse by a preponderance of the evidence, the municipal and justice courts shall be empowered to grant a *temporary* domestic abuse protection order to bring about a cessation of abuse of the petitioner, any minor children, or any person alleged to be incompetent.

Miss. Code Ann. § 93-21-15(1)(a) (emphasis added). Adams argued in his motion to dismiss, and at the hearing in the circuit court, that the temporary domestic-abuse protection order

4

entered by the justice court constituted a final judgment on the merits. The statute provides for both temporary and permanent orders; however, municipal and justice courts are governed by section 93-21-15(1)(a), and as quoted above, they are only able to grant temporary orders. Such emergency orders are "effective for ten days or until a hearing may be held, whichever occurs first. If the hearing is continued, the court may extend the emergency order for up to twenty days, as it deems necessary for the protection of the abused person." *Waite v. Adkisson*, 282 So. 3d 744, 746 (¶4) (Miss. Ct. App. 2019). Permanent and final orders are addressed in section 93-21-15(2)(a), which states that "the chancery or county court shall be empowered to grant a *final* domestic abuse protection order or approve any consent agreement to bring about the cessation of abuse of the petitioner, any minor children, or any person alleged to be incompetent." Miss. Code Ann. § 93-21-15(2)(a) (emphasis added). The justice court only had authority to enter a temporary order. Any permanent order and accompanying relief available under this statute would have to have been sought by Griffin in the chancery court.[3] While it is true Griffin was free to seek additional and final remedies in the chancery court, such statutory provisions were not her exclusive remedies. She was equally free to litigate her issues in circuit court as initiated by filing the subject complaint.

¶9.     Griffin could not obtain anything other than temporary relief from the justice court. The statute is not ambiguous in outlining the courts permitted to provide temporary relief and the courts with the authority to provide permanent relief. Neither of which would bar Griffin

---

[3] While the statute says permanent orders and relief can be sought in the county court or chancery court, Neshoba County does not have a county court.

from seeking damages in tort. Regarding temporary or injunctive relief, our Supreme Court has stated that "an injunction cannot constitute a final judgment upon the merits of a case from which res judicata can be applied to a subsequent action." *Stewart v. Guar. Bank & Tr. Co.*, 596 So. 2d 870, 871 (Miss. 1992). Our Supreme Court has further held that res judicata does not apply to orders that are temporary in nature. *Waller v. Waller*, 754 So. 2d 1181, 1183-84 (¶¶12-13) (Miss. 2000). The instant case involves a temporary order for domestic-abuse protection, which was erroneously deemed a final judgment on the merits for purposes of res judicata, barring Griffin's complaint in circuit court.

¶10.    Notwithstanding that the subject justice court order was not a final judgment for purposes of res judicata, it is worth noting that the first identity element, that there be "identity of the subject matter of the action," is not met, and therefore res judicata does not apply for this additional reason. The supreme court has described subject matter identity "as identity in the thing sued for," *Hill v. Carroll Cty.*, 17 So. 3d 1081, 1085 (¶12) (Miss. 2009) (quoting *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 589 (5th Cir. 2006)), or "the 'substance' of the lawsuit." *Id.* (quoting *Harrison*, 891 So. 2d at 233 (¶26)). Although both actions filed by Griffin arise out of the same March 29, 2015 incident between her and Adams, the emergency relief and protection that Griffin obtained in the justice court pursuant to Mississippi Code Annotated section 93-21-15 and Griffin's civil lawsuit for damages against Adams do not share the same subject matter identity. In particular, section 93-21-15(1)(a), as in effect at the time of Griffin's March 29, 2015 petition, provided as follows:

> After a hearing is held as provided in Section 93-21-11 for which notice and opportunity to be heard has been granted to the respondent, and upon a finding

6

that the petitioner has proved the existence of abuse by a preponderance of the evidence, *the municipal and justice courts shall be empowered to grant a temporary domestic abuse protection order to bring about a cessation of abuse of the petitioner, any minor children, or any person alleged to be incompetent.* The relief the court may provide includes, but is not limited to, the following:

> (i) Directing the respondent to refrain from abusing the petitioner, any minor children, or any person alleged to be incompetent;

> (ii) Prohibiting or limiting respondent's physical proximity to the abused or other household members as designated by the court, including residence and place of work;

> (iii) Prohibiting or limiting contact by the respondent with the abused or other household members designated by the court, whether in person, by telephone or by other electronic communication;

> (iv) Granting possession to the petitioner of the residence or household to the exclusion of the respondent by evicting the respondent or restoring possession to the petitioner, or both; or

> (v) Prohibiting the transferring, encumbering or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

(Emphasis added).

¶11. As such, this statutory provision affords a means for a petitioner to obtain equitable, injunctive relief in "municipal or justice court" to "bring about a cessation of abuse of the petitioner, any minor children, or any person alleged to be incompetent." *Id.* The justice court was without jurisdiction to allow any type of monetary compensation or award damages but, instead, entered negative injunctions to Adams regarding abusing, stalking, and contacting Griffin, as well as the transferring and disposing of certain property.

¶12. In comparison, Griffin's civil lawsuit against Adams in the Neshoba County Circuit

7

Court seeks a remedy at law, namely damages for injuries she alleges she received in the March 29, 2015 incident. There is no subject matter identity between the two proceedings under these circumstances. In short, the first identity element required for res judicata—that there be identity of the subject matter of the action—is not met. Res judicata does not apply because there is no identity of the subject matter between the two actions. Additionally, res judicata does not apply in this case because the temporary restraining order granted by the justice court was not a final judgment.

¶13. Griffin only sought temporary injunctive relief in the justice court. The justice court had no authority pursuant to the applicable statute to provide Griffin with any relief besides temporary injunctive relief. While in theory Griffin could have eventually sought permanent relief in the chancery court, she did not. She elected instead to file a suit based in tort. There was no final judgment on the merits, and Griffin has not had, nor waived, her opportunity to litigate the issues in the circuit court complaint. In fact, the circuit court action is the first time Griffin has sought permanent relief or a permanent remedy of any kind. The circuit court erred by determining the justice court action was a final adjudication on the merits and in subsequently applying res judicata to dismiss the circuit court complaint.

¶14. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON, P.J. GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**