961 So.2d 55 (2007)
Cathy Jo ANDERSON, Appellant
v.
Ronald Curtis ANDERSON, Appellee.
No. 2006-CA-00386-COA.
Court of Appeals of Mississippi.
June 26, 2007.
*56 Omar D. Craig, Oxford, attorney for appellant.
*57 Thad J. Mueller, New Albany, and Robert M. Carter, attorneys for appellee.
Before LEE, P.J., BARNES and CARLTON, JJ.
BARNES, J., for the COURT.
¶ 1. Cathy Jo Anderson sought modification of an order which granted Ronald Curtis Anderson physical custody of their two sons, Russell and Cory, who at the time of the modification hearing were ages fifteen and twelve, respectively. The chancellor granted a dismissal with prejudice in favor of Ronald. The chancellor found there was no adverse material change in circumstances since the original divorce and custody decree. On appeal, Cathy argues that the trial court erred in rendering its decision for involuntary dismissal before hearing the testimony of the two children, who, it had been agreed upon, would testify at the end of the proceeding after both parties had presented their cases. We reverse and remand in order to allow the children to testify regarding any relevant factors in the determination of the modification of custody.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Cathy and Ronald have been divorced since May 28, 2003. Ronald was granted primary physical custody of Russell and Cory. Cathy was ordered to pay child support and received visitation rights. After the divorce, Ronald remarried, and the couple had a new baby. In addition, his current wife has two children who live with them. In order to accommodate their growing family, Ronald made his home's garage into a bedroom for Russell and Cory.
¶ 3. On July 5, 2005, Cathy sued Ronald for modification of child custody in the Chancery Court of Marshall County. She claimed the following conditions justified modification and thus permanent physical custody should be awarded to her: (1) both minor children have reached the age where they may express a preference as to which parent they wish to live with, and they have expressed a desire to live with their mother; (2) the children have not been provided suitable living quarters; (3) the children have been "made to feel as if they are second class members of [Ronald's] family"; and (4) the children have not "received the proper medical, emotional and educational attention necessary to meet their needs." Pre-trial deposition testimony and responses to interrogatories showed Cathy planned to have the boys testify as to their lodging and preference at the modification hearing on February 14, 2006. Indeed, before the hearing commenced, both parties acknowledged, within chambers, their intent to have the boys testify for their respective side. The chancellor then specifically directed both counsel to have all testimony presented before the children testified.[1] Thus, Cathy presented six lay witnesses and one expert *58 witness and then rested. Ronald then moved to exclude evidence offered on behalf of Cathy, and moved for an involuntary dismissal. Despite the arguments of counsel that proof of a material change in circumstances was to come from the children, the court granted the motion without testimony from the Anderson's two children. In his order, the chancellor stated that Cathy "had failed to prove there had been a material change in circumstance which adversely affects the welfare of the two minor children" to justify modification of custody. Accordingly, Cathy appeals to this Court.

STANDARD OF REVIEW
¶ 4. The well-established standard of review for the admission or suppression of evidence is an abuse of discretion. Miss. Transp. Comm'n v. McLemore, 863 So.2d 31, 34(¶ 4) (Miss. 2003) (citing Haggerty v. Foster, 838 So.2d 948, 958(¶ 25) (Miss.2002)). This means that the "[a]dmission or suppression of evidence is within the discretion of the trial judge and will not be reversed absent an abuse of that discretion." Haggerty, 838 So.2d at 958(¶ 25) (quoting Broadhead v. Bonita Lakes Mall, Ltd. P'ship, 702 So.2d 92, 102(¶ 34) (Miss.1997)). Furthermore, when an error is made by the trial court regarding the admission or suppression of evidence, this Court "will not reverse unless the error adversely affects a substantial right of a party." Id. (quoting In re Estate of Mask, 703 So.2d 852, 859(¶ 35) (Miss. 1997)). Likewise, in domestic cases, this Court will not reverse the decision of the chancellor unless he "abused his discretion, was manifestly wrong, or applied an erroneous legal standard." Brown v. Brown, 764 So.2d 502, 503(¶ 5) (Miss.Ct. App.2000) (quoting Kennedy v. Kennedy, 650 So.2d 1362, 1366 (Miss.1995)).

DISCUSSION
¶ 5. Cathy raises two issues on appeal: first, she argues that the trial court erred in rendering its decision in favor of Ronald prior to hearing the testimony of her two minor sons; and second, she argues the trial court failed to consider the Albright factors in rendering its decision.
¶ 6. In order to modify a previous child custody order, three distinct prerequisites must be satisfied: (1) the party seeking the change bears the initial burden of proving there has been a material change in circumstances; (2) the change must be adverse to the child's welfare; and (3) the chancellor must find a change in custody is in the best interest of the child. Thompson v. Thompson, 799 So.2d 919, 922(¶ 8) (Miss.Ct.App.2001) (citing Bredemeier v. Jackson, 689 So.2d 770, 775 (Miss.1997)). The totality of the circumstances must be examined in order to determine if a material change in circumstances has occurred. Id. If a material change has occurred, then the chancellor will make a separate assessment to determine if the change is adverse to the child. Id. Then, if there is a finding of adverse material change in circumstances, the chancellor may determine whether the best interest of the child requires a change in custody. Id. (citing Tucker v. Tucker, 453 So.2d 1294, 1297 (Miss.1984)). If the chancellor reaches the best interest of the child analysis under the above prerequisites, he is then required to make on-the-record findings for each of the Albright factors. Sturgis v. Sturgis, 792 So.2d 1020, 1025(¶ 21) (Miss.Ct.App.2001) (citing Powell v. Ayars, 792 So.2d 240, 249(¶ 33) (Miss.2001)).
¶ 7. According to the Mississippi statute which controlled at the time of this hearing, children over the age of twelve "shall have the privilege of choosing the *59 parent with whom [they] shall live" if it is in "the best interest and welfare of the [child]."[2] Miss.Code Ann. § 93-11-65 (Rev.2004). However, the trial court is not required to follow the child's stated preference. D.A.P. v. C.A.P.R., 918 So.2d 809, 824(¶ 62) (Miss.Ct.App.2005). D.A.P. notes Mississippi case law does not support the contention that a child's preference to live with the non-custodial parent, standing alone, will satisfy the material change of circumstance requirement. Id. Further, the child's preference is but one factor in considering the ultimate issue of what is in the best interest of the child. Brown v. Brown, 764 So.2d 502, 505(¶ 8) (Miss.Ct.App.2000) (citing Westbrook v. Oglesbee, 606 So.2d 1142, 1147 (Miss. 1992)). When a child's choice of a custodial parent is denied, the chancellor must make an on-the-record finding as to why the best interest of the child would not be served. Polk v. Polk, 589 So.2d 123, 130 (Miss.1991).
¶ 8. The above case law emphasizes the importance the children's testimony would have had in this case had it been heard. In failing to hear the testimony of the two sons, the trial court did not hear one of the main sources of direct evidence for the initial analysis of custodial modification as to whether there was a material change of circumstance since the original divorce decree, and if so, whether it was adverse. Indeed, Mr. Craig called to the court's attention, after Ronald moved to dismiss, that the Anderson's children were to testify about the issues raised in Cathy's modification of custody complaint: specifically, their living quarters in the garage and their treatment within the custodial home, as going towards a material change in conditions and circumstances. Instead, the court only heard testimony on whether there was a material change by the following of Cathy's witnesses: herself, her mother, her father, her boyfriend, her pastor, one child's teacher, and both children's psychological counselor. Thus this testimony was the basis for the directed decision in favor of Ronald, and he argues this was sufficient. Yet, the court heard only indirect hearsay testimony, over the objections of Ronald's counsel, as to the children's custodial preference. The Anderson children's testimony might have provided sufficient proof to thwart a dismissal. Furthermore, even if this testimony had not prevented the case's dismissal, the chancellor, by refusing to hear the children's testimony on these subjects, impinged upon the substantial rights of Cathy, because she was not allowed to present her entire case before the motion to dismiss was considered.
¶ 9. Ronald argues Cathy's evidence in her case-in-chief failed to demonstrate a material change in circumstance adverse to the children. However, because Cathy was not allowed to present her entire case-in-chief, this statement is erroneous. In his brief, Ronald states that the chancellor considered the boys' preference. This may be so, but we deem it error to grant dismissal before hearing the children testify. Mississippi Rule of Civil Procedure 41(b) allows involuntary dismissal only after the plaintiff "has completed the presentation *60 of his evidence." Here, while the plaintiff "rested" without calling the two children to testify, she did so at the earlier expressed direction of the chancellor, who had stated that he wanted to hear all other evidence before he heard the children. We find it improper to entertain, much less enter, a judgment on a Rule 41(b) motion to dismiss under the unique circumstances of this case. This motion cannot be heard as long as the plaintiff has relevant evidence to present.
¶ 10. Additionally, Ronald implies that whether or not his children testified was immaterial because their testimony would not have shown an adverse material change in circumstances. We maintain the areas of inquiry identified by counsel are sufficient that they should have been heard. As discussed above, section 93-11-65 (Rev.2004) at the time of the hearing provided a child over twelve years of age, if in the child's best interest, with the privilege of choosing his custodial preference, thereby granting him the right to testify regarding this preference. Further, counsel for Cathy indicated that in addition to testifying as to this preference, the children would testify as to living in the garage and being made to feel like second-class citizens within Ronald's household. Thus the court's failure to hear the testimony of the children not only prevented them from expressing this custodial preference, but also denied Cathy's right to present her children as witnesses regarding a material change in circumstances. In our case, we find the trial court abused its discretion in not hearing the direct testimony of the Anderson children before granting its dismissal.
¶ 11. Since we find the trial court erred in failing to hear the testimony of the two children, which goes to determining the initial step in modification of custody as to whether there had been a material adverse change in circumstance, we do not reach Cathy's second issue regarding the consideration of the Albright factors.
¶ 12. We find that the trial court erred in not allowing the two Anderson children to testify prior to entertaining Ronald's Rule 41(b) motion. Accordingly, we reverse and remand in order to allow the children to testify on subject matter relevant to determining modification of custody.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF MARSHALL COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] These statements do not appear in the record, but Mr. Craig, counsel for Cathy, represented in his brief and oral argument as to the discussion in chambers, and Ronald did not challenge that representation either in his brief or in oral argument. In fact, counsel for Ronald, Mr. Mueller, stated at oral argument, that while his partner was present at the hearing, Mr. Mueller did not question the honesty of Mr. Craig regarding these statements. Mississippi Rule of Appellate Procedure 10(e) allows for correction or modification of the record by stipulation of both parties. Here, we accept the representations at oral argument as a stipulation of what occurred in chambers and are not requiring the written record to be corrected. We find that the stipulation sufficiently satisfies the purpose of Mississippi Rule of Appellate Procedure 10, to ensure that the record conforms to what actually occurred at trial.
[2] Section 93-11-65 was revised in 2006, shortly after this case's hearing, slightly weakening the child's right to choose his custodial parent. The statute now reads that if the court shall find the two parties fit and proper, then a child twelve years of age or older may have his parental preference for custody taken into consideration by the chancellor. Miss. Code Ann. § 93-11-65 (Supp.2006). The parties to this case do not address which version of the statute would be controlling upon rehearing of this case, and we likewise make no ruling in this regard.