FAIR, J.,
for the Court:
¶ 1. Carrie Jones filed for divorce from her husband, Donald Jones. The Rankin County Chancery Court dismissed her complaint, and Carrie now appeals. She asserts that the chancellor erred in dismissing her entire case when she was not allowed to present evidence in support of her claims for custody and child support. Finding that the chancellor had no obligation to hear evidence regarding custody or to adjudicate custody after dismissing the divorce, we affirm.
FACTS
¶ 2. Carrie filed for divorce on the ground of habitual cruel and inhuman treatment, and Donald filed a counter-complaint. The couple has one child, Tripp, who was born in 2008. The trial was bifurcated, and the court held a hearing on divorce grounds first. At the conclusion of Carrie’s evidence, Donald moved for a Rule 41(b) dismissal. The chancellor found that Carrie had not proven habitual cruel and inhuman treatment and therefore dismissed her complaint for divorce. Donald then voluntarily dismissed his counter-complaint.[1]
¶ 3. Carrie now appeals asserting that the chancellor erred in dismissing her claims for custody and child support when she was not allowed to present evidence and seek relief on those claims independently. She does not challenge the chancellor’s determination regarding grounds for divorce.
DISCUSSION
¶ 4. When reviewing a dismissal under Mississippi Rule of Civil Procedure 41(b), we will not overturn the decision of a chancellor if his findings are supported by substantial evidence unless he abused his discretion, was manifestly wrong, or applied an erroneous legal standard. See Kennedy v. Kennedy, 650 So.2d 1362, 1366 (Miss.1995); Ainsworth v. Callon Petroleum Co., 521 So.2d 1272, 1274 (Miss.1987).
1. Duty to Adjudicate Custody
¶ 5. Carrie asserts that the chancellor had a duty to protect her child and *733 should have adjudicated custody even though the divorce was dismissed. She argues that the chancery court is the guardian of all minor children and that the Mississippi Supreme Court has noted its constitutional duty to protect children. See In re Adoption of D.N.T., 843 So.2d 690, 712-13 (¶ 58) (Miss.2003) (Cobb, J„ concurring). We agree with this statement of the law but not with Carrie’s conclusion. This responsibility does not impose upon chancellors an affirmative duty to adjudicate custody for every dismissed divorce complaint.
¶ 6. The Mississippi Supreme Court has held that a chancellor may provide for the custody of children after dismissing a complaint for divorce. See Waller v. Waller, 754 So.2d 1181, 1183 (¶ 12) (Miss.2000). “The court, however, is not required to make a decision regarding custody where it dismisses the petition for divorce.” Id. (citations omitted).
¶ 7. In domestic-relations matters, chancellors enjoy considerable discretion and are trusted to evaluate the specific facts of each case. See Harrell v. Harrell, 231 So.2d 793, 797 (Miss.1970). Here, the limited record contains no indication that either parent would be unfit or unsuitable for custody. We cannot say the chancellor abused his discretion by declining to adjudicate custody.
2. Mississippi Rule of Civil Procedure 41(b)
¶ 8. Carrie argues that the chancellor should have dismissed only the divorce complaint and then allowed her to present evidence on custody and support as independent issues.
¶ 9. Mississippi Rule of Civil Procedure 41(b) states: “After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant ... may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.”
¶ 10. Carrie characterizes her claims for custody and child support as independent actions cognizable under section 93-11-65 of the Mississippi Code Annotated (Supp.2012). But our case law contradicts this interpretation. In Slaughter v. Slaughter, 869 So.2d 386, 397 (¶ 33) (Miss.2004), the Mississippi Supreme Court held that a custody matter may not proceed under section 93-11-65 when a divorce is pending. Therefore, Carrie’s claims for custody and child support cannot properly be understood as independent issues. Mississippi Code Annotated section “93-5-23 provides for the child’s care and custody in a divorce situation and 93-11-65 ... is an alternative^]” Slaughter, 869 So.2d at 396 (¶ 33).
¶ 11. Carrie urges this Court to follow the ruling in Anderson v. Anderson, 961 So.2d 55, 59-60 (¶¶ 8-10) (Miss.Ct.App.2007), where the Mississippi Supreme Court found that a chancellor erred by not allowing the mother to present her entire case before considering a motion to dismiss under Rule 41(b). Anderson was a custody-modification case, and the chancellor instructed that the two children were not to testify until all the other evidence was presented. Anderson, 961 So.2d at 57 (¶ 3). After the mother’s case-in-chief, the chancellor dismissed her case without letting the children testify. Id. at 57-58 (¶ 3). The supreme court found that it was error to grant a dismissal before the mother was allowed to present the children’s testimony. Id. at 60 (¶ 9).
¶ 12. Here, Carrie was proceeding in a fault-based divorce action where the chancellor heard evidence on grounds first. Carrie testified, called Donald as an adverse witness to testify, and then rested. *734 At the close of her evidence, Donald moved for dismissal, and the chancellor determined that habitual cruel and inhuman treatment had not been proven. The chancellor properly heard all the evidence Carrie presented and determined upon the facts and the law that she did not show a right to relief, that is, a right to a divorce. As Carrie’s claims for custody and support were not independent issues, the chancellor was under no obligation to hear evidence on those claims before dismissing the divorce complaint.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. In a footnote to her brief, Carrie states that Donald filed a substantially similar divorce action on June 21, 2011, the day after he dismissed his counter-complaint. We do not discuss the implications of this filing because no documentation of this alleged subsequent action was provided in the record.