# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01686-COA

**HEATH GRAMES**                                                    **APPELLANT**

**v.**

**HOLLY GRAMES**                                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/21/2015 |
| TRIAL JUDGE: | HON. JOHNNY LEE WILLIAMS |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | CHASE FORD MORGAN |
| ATTORNEYS FOR APPELLEE: | JOHN D. SMALLWOOD |
| | SHEILA HAVARD SMALLWOOD |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| TRIAL COURT DISPOSITION: | AWARDED CUSTODY OF TWO DAUGHTERS TO MOTHER AND TWO SONS TO FATHER |
| DISPOSITION: | AFFIRMED - 08/01/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND CARLTON, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this case, we must determine whether the chancellor erred in dividing custody of the couple's minor children. Finding no error, we affirm.

## PROCEDURAL HISTORY

¶2.     Heath and Holly Grames were married in 1995 and separated in January 2014. The couple had four children: Parker, born in 1998; Miles, born in 2000; Clarissa, born in 2002; and Savannah, born in 2006. In February 2015, Holly filed her complaint for divorce in the Forrest County Chancery Court. By agreement of the parties, the chancellor appointed a

guardian ad litem (GAL) to represent the best interest of the children.

¶3. After a trial, the chancellor awarded Holly custody of the two girls and Heath custody of the two boys. The chancellor also set a visitation schedule. Heath filed a motion to alter or amend the judgment. The chancellor issued a supplemental judgment to clarify several matters, including the visitation schedule.

¶4. Heath now appeals, arguing the chancellor erred by separating the children and by failing to award him reasonable visitation with his daughters.

**FACTS**

¶5. Heath and Holly are originally from Utah and moved to Hattiesburg, Mississippi, in 2006 for Heath's job. Heath has a Ph.D. in marriage and family counseling and works at the University of Southern Mississippi as an associate professor. Throughout the marriage, Holly worked part-time to finish college and ultimately graduated with a master's degree in accounting. In 2012, she began working for the Richton School District as a financial officer.

¶6. Although Heath and Holly each accuse the other of cruel and immature behavior toward one another, both agree that they are good parents and all four children are well adjusted. After the parties separated, Holly began a long-distance relationship with a man living in Utah. This relationship caused tension between Holly and Miles, especially after Miles saw a suggestive photograph on Holly's phone that Holly had texted to her boyfriend. The picture was of Holly in her bathing suit at a tanning salon. Miles did tell the GAL that he loved his mother, but preferred to live with his father.

2

¶7. The oldest son, Parker, requested to live with his father. Parker told the GAL he felt more comfortable at Holly's house, but did not want to change schools since he would be graduating from high school in 2016. Clarissa told the GAL that she loved both her parents, but preferred to live with her mother. Savannah was too young to have a preference, although the GAL found that Savannah had a closer relationship with Clarissa due to their ages and sharing a bedroom. Other pertinent facts will be discussed as relevant in analyzing the issue of child custody.

## STANDARD OF REVIEW

¶8. This Court will not disturb a chancellor's findings "unless manifestly wrong or clearly erroneous." *Sanderson v. Sanderson*, 824 So. 2d 623, 625 (¶8) (Miss. 2002). However, "[a] chancellor's conclusions of law are reviewed de novo." *Lowrey v. Lowrey*, 25 So. 3d 274, 285 (¶26) (Miss. 2009).

## DISCUSSION

### I. Child Custody

¶9. In his first issue on appeal, Heath argues that the chancellor's decision to separate the children was not in the best interest of the children and constitutes reversible error. Heath contends that it was in the children's best interest to remain together in his custody.

¶10. Heath concedes that there is no per se rule against the separation of children. *Sootin v. Sootin*, 737 So. 2d 1022, 1026 (¶14) (Miss. Ct. App. 1998). "Rather, the polestar consideration in all child[-]custody cases is the best interest of the child[ren]." *Bowen v. Bowen*, 688 So. 2d 1374, 1381 (Miss. 1997). This Court has further stated that,

3

> [w]hile the placement of children with their siblings is not a concern that "overrides" the best interest of the child, our case law makes it clear that keeping siblings together is assumed to be in the best interest of a child, absent a showing that the circumstances in a particular case are to the contrary.

*Owens v. Owens*, 950 So. 2d 202, 207 (¶16) (Miss. Ct. App. 2006).

¶11. We now look to whether the chancellor properly considered the *Albright* factors and the best interest of the children. The factors used to determine what is in the best interest of a child with regard to custody are: (1) the age, health, and sex of the child; (2) a determination of the parent who has had the continuity of care prior to the separation; (3) which parent has the best parenting skills and which has the willingness and capacity to provide primary child care; (4) the employment of the parents and responsibilities of that employment; (5) the physical and mental health and age of the parents; (6) the emotional ties of the parent and child; (7) moral fitness of the parents; (8) the home, school, and community record of the child; (9) the preference of the child at the age sufficient to express a preference by law; (10) the stability of the home environment and employment of each parent; and (11) other factors relevant to the parent-child relationship. *Albright v. Albright*, 437 So. 2d 1003, 1005 (Miss. 1983). "An *Albright* analysis is not a mathematical equation." *Hall v. Hall*, 134 So. 3d 822, 827 (¶19) (Miss. Ct. App. 2014) (citation omitted). "[T]his Court cannot reweigh the evidence and must defer to the chancellor's findings of the facts, so long as they are supported by substantial evidence." *Id*. at 828 (¶21).

¶12. On appeal, Heath questions the chancellor's ruling on the following factors that he believes weigh in his favor: moral fitness; preference of the children; and stability of employment. In regard to the moral-fitness factor, the chancellor determined that there was

4

no substantial evidence that either party was guilty of any immoral conduct prior to or after the separation. Heath argues that both Holly's long-distance relationship, which was entered into prior to their divorce, and the suggestive photograph she texted to her boyfriend are evidence of her immoral conduct. Holly testified that her relationship was not physical and that the photograph was not as salacious as portrayed by Heath. The GAL's report noted that both parties accused the other of immoral conduct, and as a result, she also found this factor neutral. We cannot find the chancellor erred in finding this factor was neutral.

¶13. Heath argues that the preference-of-the-children factor should favor him because two of the three children old enough to state their preference chose to live with Heath. The chancellor found the factor to be neutral. Again, analysis of *Albright* is not a mathematical equation, and a child's preference is "but one factor in considering the ultimate issue of what is in the best interest of the child." *Anderson v. Anderson*, 961 So. 2d 55, 59 (¶7) (Miss. Ct. App. 2007). Furthermore, Heath provides no authority for this argument; thus, this argument is procedurally barred. *See* M.R.A.P. 28(a)(7); *Little v. Norman*, 119 So. 3d 382, 386 (¶14) (Miss. Ct. App. 2013).

¶14. Lastly, Heath contends the chancellor did not make specific findings regarding the stability-of-employment factor. And that any facts relevant to this factor favor him. However, the chancellor did discuss the stability of employment in his findings under factor 4—the employment of the parties and responsibilities of that employment—and under factor 11—other factors relevant to the parent-child relationship. In fact, the chancellor determined that factor 4 favored Heath simply because Heath's work schedule was more flexible than

5

Holly's work schedule.

¶15.    Ultimately, the chancellor noted that although separating siblings was not ideal, the best interest of the children would be for Parker and Miles to live with Heath and for Clarissa and Savannah to live with Holly.  In ruling so, the chancellor relied upon the GAL's extensive report, noting that he could "not find good reasons not to accept the recommendations of the GAL."  Here, substantial evidence supported the chancellor's decision; thus, we find no merit to this issue.

## II.    Visitation

¶16.    In the alternative, Heath argues that the chancellor's visitation schedule was unreasonable since it deprived him of significant contact with his two daughters.  "The chancellor has broad discretion when determining appropriate visitation and the limitations thereon." *Fountain v. Fountain*, 877 So. 2d 474, 481 (¶26) (Miss. Ct. App. 2003) (citation omitted).  "In determining visitation, the chancellor must continue to keep the best interest of the child[ren] as his paramount concern while always being attentive to the rights of the non-custodial parent, recognizing the need to maintain a healthy, loving relationship between the non-custodial parent and his child[ren]." *Id.*

¶17.    The chancellor's visitation schedule reflected the fact that Holly would be moving to Utah with Clarissa and Savannah to be near her and Heath's extended family.  In order for the children to see each other as much as possible, the chancellor ordered visitation of all four children to alternate between Holly and Heath for any week-long holidays.  If either Holly or Heath traveled to Utah or Mississippi, then they would divide visitation equally.  In

6

the summer, Holly would have all four children during June, and Heath would have all four children during July. Due to the parties' distance apart and the division of custody, we cannot find that the chancellor erred in setting visitation. This issue is without merit.

¶18. **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE, AND WESTBROOKS, CONCUR.**