CARLTON, J., DISSENTING:
 

 ¶ 27. I respectfully dissent. The chancellor abused his discretion in failing to allow the twelve-year-old son to testify regarding his preference as to custody.
 
 Anderson v. Anderson
 
 ,
 
 961 So.2d 55
 
 , 59-60 (¶¶ 7-12) (Miss. Ct. App. 2007). In
 
 Anderson
 
 , this Court found that the chancery court abused its discretion in a child custody modification hearing when the chancellor failed to allow the children to testify as to their custodial preference, effectively preventing the mother from presenting her case-in-chief prior to the court entertaining the father's motion for an involuntary dismissal under Mississippi Rule of Civil Procedure 41(b).
 

 Id.
 

 ¶ 28. Similarly, the chancellor's failure to hear the testimony of the twelve-year-old child in this case not only prevented him from expressing his custodial preference, but also denied Farra the right to present her child as a witness regarding a material change in circumstances. I recognize that the version of section 93-11-65 in effect at the time
 
 Anderson
 
 was decided has since been revised to slightly weaken the child's
 right to choose his custodial parent.
 
 [3]
 
 Relevant here, however, is that under either version of the statute, and under the applicable case law, a parent is entitled to present a child's testimony regarding parental preference for custody in order to demonstrate a material change in circumstances.
 
 Anderson
 
 ,
 
 961 So.2d at 59-60
 
 (¶¶ 7-12) ;
 
 see also
 

 Boyd v. Boyd
 
 ,
 
 83 So.3d 409
 
 , 418 (¶ 29) (Miss. Ct. App. 2011) (mother allowed to present daughter's preference testimony).
 

 ¶ 29. In short, although under section 93-11-65 the chancellor does not have to honor the twelve-year-old child's preference,
 
 see, e.g.
 
 ,
 
 Floyd
 
 ,
 
 949 So.2d at 30
 
 (¶ 12), the mother has a right to present the evidence at the custody hearing. The chancellor abused his discretion in this case by declining Farra's request to present her twelve-year-old son's testimony on this issue. I maintain that this case must reversed and remanded due to the chancellor's abuse of discretion in refusing to allow the twelve-year-old son to state his preference on the record.
 

 GRIFFIS, P.J., AND FAIR, J., JOIN THIS OPINION. TINDELL, J., JOINS THIS OPINION IN PART.
 

 In
 
 Anderson
 
 , section 93-11-65 (Rev. 2004) provided that "any ... child who shall have reached his twelfth birthday
 
 shall
 
 have the privilege of choosing the parent with whom he shall live." (Emphasis added). The current statute, also in effect at the 2016 child custody modification hearing in this case, provides that if the chancellor finds the two parties fit and proper, then "the chancellor
 
 may
 
 consider the preference of a child of twelve ... years of age or older as to the parent with whom the child would prefer to live in determining what would be in the best interest and welfare of the child."
 
 Miss. Code Ann. § 93-11-65
 
 (Rev. 2013) (emphasis added). The statute further provides that "[t]he chancellor shall place on the record the reason or reasons for which the award of custody was made and explain in detail why the wishes of any child were or were not honored."
 

 Id.