# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-01002-COA

**CARLY BETH TREHERN SPIVEY**                                     APPELLANT

**v.**

**JASON SPIVEY**                                                 APPELLEE

DATE OF JUDGMENT:           08/14/2023
TRIAL JUDGE:                HON. D. NEIL HARRIS SR.
COURT FROM WHICH APPEALED:  JACKSON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:     G. CHARLES BORDIS IV
ATTORNEY FOR APPELLEE:      MARK V. KNIGHTEN
NATURE OF THE CASE:         CIVIL - CUSTODY
DISPOSITION:                REVERSED AND REMANDED - 02/25/2025
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McDONALD AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Jason and Carly Spivey divorced in 2015 and were awarded joint legal and physical custody of their only child. In 2022, Jason filed a complaint for modification of custody, requesting that he be granted physical custody of their daughter. The chancellor entered an order awarding Jason legal and physical custody, with no visitation awarded to Carly. Aggrieved, Carly appealed.

## FACTS AND PROCEDURAL HISTORY

¶2.     Jason and Carly Spivey married on May 6, 2007. They had one daughter, AS,[1] born in April 2009. Carly and Jason entered into an agreed judgment of divorce based on

---

[1] We use initials to protect the minor's identity.

irreconcilable differences on August 17, 2015. The agreed judgment of divorce included a property settlement agreement for their real and personal property along with custody, support, and visitation concerning AS. In the property settlement agreement, Carly and Jason were awarded joint physical and legal custody of AS. Each parent had physical custody every other week, with equal time for holidays and summers.

¶3.     From our review of the trial court's docket, nothing had been filed of record in the case since the entry of the final judgment of divorce until the action that is the subject of this appeal. On September 15, 2022, Jason filed a complaint for modification of custody, citing a "substantial and material change in circumstance adverse to the child's best interest," and he requested that physical custody be awarded to him. In his complaint, Jason alleged that AS (then age 13) "joined in [his] complaint" and wanted to live with him, although the unattested document titled "Joinder" was not filed with the court until May 18, 2023. Carly answered the complaint, denying that Jason was entitled to custody. A hearing was conducted on June 22, 2023, where both parents testified. There was no ruling from the bench. The chancellor entered an order on August 14, 2023, which reads as follows:

JUDGMENT OF CUSTODY

This matter having come on before the Court and after having heard testimony and argument of counsel the Court doth FIND as follows:

1. The parties were divorced on August 17, 2015.
2. The Plaintiff, Jason Spivey, filed a Modification of Custody to have legal and physical custody of his child, [AS].
3. A trial was had on the issues of custody on June 22, 2023.
4. [AS], who is in the 8th grade and 13 years old, filed a Joinder and Affidavit stating her desire to live with her father, and for the father to have legal and physical custody.

2

IT IS, THEREFORE, ORDERED AND ADJUDGED that based upon the pleadings and proof, the Court modifies custody of [AS] to Jason Spivey, who shall have legal and physical custody of [AS], a female, DOB April [ ], 2009.

Carly appealed, seeking to set aside the chancellor's judgment of custody.

## STANDARD OF REVIEW

¶4.     In *Smith v. Smith*, 318 So. 3d 484, 490-91 (¶18) (Miss. Ct. App. 2021), we set forth the standard of review for cases such as this one:

> Our standard of review for a chancery court's ruling on a motion for modification of custody "based on a material change in circumstances" is limited. *Page v. Graves*, 283 So. 3d 269, 274 (¶18) (Miss. Ct. App. 2019) (citing *Carter v. Carter*, 204 So. 3d 747, 756 (¶37) (Miss. 2016)). We will not disturb a court's findings "when supported by substantial evidence unless the [chancery court] abused [its] discretion, was manifestly wrong or clearly erroneous, or an erroneous legal standard was applied." *In re C.T.*, 228 So. 3d 311, 315 (¶6) (Miss. Ct. App. 2017) (quoting *Bowen v. Bowen*, 107 So. 3d 166, 169 (¶6) (Miss. Ct. App. 2012)). The chancery court's "interpretation and application of the law" is reviewed de novo. *Id.* (quoting *Seale v. Seale*, 150 So. 3d 987, 989 (¶5) (Miss. Ct. App. 2014)).

## ANALYSIS

¶5.     Carly raises three issues on appeal, which we reproduce here:

**Issue 1: Whether the trial court committed error in modifying a prior judgment of custody without showing that a material and substantial change in circumstances had occurred since the entry of the original judgment of custody and without a showing that any such change had an adverse impact on the child.**

**Issue 2: Whether the lower court committed error in modifying a prior judgment of custody based solely upon the affidavit of a thirteen year old child.**

**Issue 3: Whether the lower court committed error in modifying a prior judgment of custody without consideration of the *Albright* factors.**

We will address these issues below.

¶6.     While Jason's complaint alleges a material change in circumstances adverse to the interest of AS, he does not identify the material change, other than that the child now wants to live with her father. Both parents testified at trial. Jason's testimony shows that he filed the complaint because his daughter wanted to live with him. His testimony further showed, and Carly did not deny, that Carly basically did very little with AS and attended none of the child's school functions.

¶7.     Carly contends that there has been no material change in circumstances adversely affecting AS that would warrant a change in custody. She cites *Marter v. Marter*, 914 So. 2d 743 (Miss. Ct. App. 2005), which sets forth the prerequisites for modifying a custody decree:

> First, a party must show that since entry of the judgment or decree sought to be modified, there has been a material change in circumstances which adversely affects the welfare of the child. Second, the party must also show that the best interest of the child requires a change in custody.

*Id.* at 746 (¶7) (quoting *Creel v. Cornacchione*, 831 So. 2d 1179, 1183 (¶15) (Miss. Ct. App. 2002) (citing *Smith v. Jones*, 654 So. 2d 480, 486 (Miss. 1995)). Carly argues that the chancellor's modification of custody "is an erroneous application of the law and constitutes manifest error." She contends that the chancellor relied solely upon AS's affidavit to justify modification of custody.

¶8.     In his brief, Jason argues that there were factors aside from the affidavit the chancellor considered that justified his decision. He cites the following:

> 1.     An incident where Carly had a flat tire and told AS that she may not be able to take her to school the next day if she could not get the tire fixed. He alleged that the negative impact on AS was the possibility of her

4

missing school.[2]

2. Both parties are nurses. Apparently AS got strep throat and requested that Carly take her to the doctor. Carly thought a doctor visit was a waste of money. Jason ultimately took AS to the doctor and it was confirmed she did have strep throat.

3. Carly does not attend any school functions.

4. Jason alleges that Carly degrades both him and AS. There is nothing in the record other than Jason's testimony regarding this allegation.

5. Carly has never taken AS on a vacation. Carly admits that she and AS do not travel. She says she prefers to stay close to home and that AS has never complained about that.

Jason admits that while the chancellor could have written a more detailed explanation as to his findings, the above circumstances represent substantial and credible evidence sufficient to affirm the chancellor's ruling.

¶9.    While we note that neither party made a request pursuant to Mississippi Rule of Civil Procedure 52(a) for the trial court to "find the facts specially and state separately its conclusions of law thereon . . ." in the half-page "Judgment of Custody," the chancellor clearly failed to follow the established standard for modification of an existing child-custody order. In *Culver v. Culver*, 371 So. 3d 726, 730 (¶7) (Miss. Ct. App. 2023) (quoting *Robinson v. Brown*, 58 So. 3d 38, 42-43 (¶¶12-14) (Miss. Ct. App. 2011)), this Court explained:

> The law in Mississippi on custody modification is well settled. In order to modify a child-custody order, the party seeking the change in custody bears the initial burden of proving that there has been a material change in circumstances. *Anderson v. Anderson*, 961 So. 2d 55, 58 (¶6) (Miss. Ct. App. 2007). **In determining whether a material change in circumstances has occurred, the chancellor must examine the totality of the circumstances**.

---

[2] The tire was repaired and AS did not miss school.

*Id*. **If the chancellor finds that a material change has occurred, the chancellor must then make a separate assessment to determine if the change is "adverse to the child's welfare."** *Id*. (citing *Thompson v. Thompson*, 799 So. 2d 919, 922 (¶8) (Miss. Ct. App. 2001)). In the event of an adverse material change in circumstances, "the chancellor may determine whether the best interest of the child requires a change in custody." *Id*. **When analyzing the best interest of the child for the purposes of custody modification, the chancellor must make "on-the-record findings for each of the *Albright* factors."** *Anderson*, 961 So. 2d at 58 (¶6) (citing *Sturgis v. Sturgis*, 792 So. 2d 1020, 1025 (¶21) (Miss. Ct. App. 2001)).

(Emphasis added). And in *Weathers v. Guin*, 151 So. 3d 272, 276-77 (¶19) (Miss. Ct. App. 2014), this Court stated:

**Here, the record reveals that in the modification order, the chancery court completely failed to identify a material change in circumstances warranting modification** before finding that it was in Jacob's best interest to grant Scott custody of Jacob. The order simply provides that "it is in the best interest of [Jacob] for [the chancery court] to award permanent physical and legal custody of [Jacob] to [Scott] with [Regina] having visitation as previously set out[.]" The remaining provisions of the order concern child support, financial obligations of Regina and Scott, and behavioral restrictions placed on Regina and Scott. **Because the chancery court failed to identify a material change in circumstances warranting custody modification, the modification order is insufficient for us to determine the chancery court's basis for the custody modification. Moreover, the chancery court failed to make specific findings as to each individual *Albright* factor. Accordingly, we reverse the modification order as to the custody modification and remand for further proceedings**.

(Emphasis added).

¶10. In the present case, the chancellor did not specifically find or identify, on the record or in his order, what he found to be a material change in circumstances warranting modification of the existing custody arrangement. There was no separate assessment as to whether the change was adverse to AS's welfare. Further, the chancellor made no on-the-record findings as to each individual *Albright* factor. Therefore, we must reverse the

6

modification order and remand the matter to the chancery court for further proceedings consistent with the requirements noted above.[3]

¶11.   **REVERSED AND REMANDED.**

      **BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, WEDDLE AND ST. PÉ, JJ., CONCUR.**

---

[3] Since this matter is being remanded, we also note that the chancellor's order makes no provision for visitation by the mother. A non-custodial parent is presumptively entitled to visitation. *See Williams v. Williams*, 264 So. 3d 722, 726 (¶8) (Miss. 2019).